# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD OLAGUE, | 1: 05 CV 00938 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| D. ADAMS, | |
| Respondent. | |
| _____/ | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

## PROCEDURAL HISTORY

On October 31, 2003, Petitioner was convicted by a jury in Kern County Superior Court of assaulting a custodial officer (Pen. Code § 243.1)(count 1) and deterring an executive officer from performing his duties (Pen. Code § 69)(count 2). On November 4, 2003, the jury determined that Petitioner was sane at the time he committed the offenses. Following a court trial, five prior conviction allegations for serious or violent felonies were found to be true.

On December 19, 2003, the trial court struck two of the five prior conviction allegations, and

1  sentenced Petitioner to a term of 25 years to life on count 1.  The court imposed the same term as to

2  count 2, but stayed it pursuant to California Penal Code section 654.

3      Petitioner timely filed a direct appeal to the Court of Appeal, Fifth Appellate District ("Court

4  of Appeal").  Petitioner's claims included the two he now raises in the present petition: 1) his

5  constitutional rights were violated because the trial court erred in refusing to instruct on accident or

6  misfortune; and 2) his constitutional rights were violated because the court did not properly instruct

7  the jury on the defense of not guilty by reason of insanity.  The Court of Appeal issued a reasoned

8  opinion denying the claims on the merits.   Petitioner filed a petition for rehearing, which the Court

9  of Appeal denied.

10      Petitioner filed a petition for review with the California Supreme Court, which the court

11  denied on March 16, 2005.  Respondent concedes that Petitioner thereby exhausted his state judicial

12  remedies.   Petitioner did not file any state postconviction petitions for review.

13      Petitioner filed the present petition for writ of habeas corpus on July 22, 2005.   Respondent

14  concedes that it was timely filed.

## LEGAL STANDARDS

15  JURISDICTION

16

17      Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

18  to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

19  the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.

20  1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by

21  the United States Constitution.  In addition, the conviction challenged arises out of the Kern County

22  Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).

23  Accordingly, the court has jurisdiction over the action.

24      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

25  1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

26  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

27  586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97

28  F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

1  *grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

2  to cases filed after statute's enactment).  The instant petition was filed after the enactment of the

3  AEDPA, thus it is governed by its provisions.

4  <u>STANDARD OF REVIEW</u>

5      This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

6  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

7  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

8      The AEDPA altered the standard of review that a federal habeas court must apply with

9  respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v.</u>

10  <u>Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

11  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

12  involved an unreasonable application of, clearly established Federal law, as determined by the

13  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

14  determination of the facts in light of the evidence presented in the State Court proceeding." 28

15  U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

16  Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000)); <u>Williams v. Taylor</u>, 120

17  S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

18  concludes in its independent judgment that the relevant state-court decision applied clearly

19  established federal law erroneously or incorrectly."  <u>Lockyer</u>, at 1174 (citations omitted).  "Rather,

20  that application must be objectively unreasonable."  <u>Id.</u> (citations omitted).

21      When, as here, the California Supreme Court's opinion is summary in nature, this court

22  "looks through" that decision and presumes it adopted the reasoning of the California Court of

23  Appeal, the last state court to have issued a reasoned opinion. <u>See Ylst v. Nunnemaker</u>, 501 U.S.

24  797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look

25  through" presumption that higher court agrees with lower court's reasoning where former affirms

26  latter without discussion); <u>see also</u> <u>LaJoie v. Thompson</u>, 217 F.3d 663, 669 n. 7 (9th Cir.2000)

27  (holding federal courts look to last reasoned state court opinion in determining whether state court's

28  rejection of petitioner's claims was contrary to or an unreasonable application of federal law under §

1    2254(d)(1)).

2          While habeas corpus relief is an important instrument to assure that individuals are

3    constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

4    Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

5    conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

6    Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

7    determinations must be presumed correct, and the federal court must accept all factual findings made

8    by the state court unless the petitioner can rebut "the presumption of correctness by clear and

9    convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769

10   (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

11   1388 (9th Cir. 1997).

12                                    **DISCUSSION**

13   Jury Instruction on Accident on Misfortune

14         Petitioner contends that his rights to a fair trial and due process under the Sixth and

15   Fourteenth Amendments were violated because the trial court refused to instruct the jury on accident

16   and misfortune.  Respondent disputes this contention.

17          A challenge to a jury instruction solely as an error under state law does not state a claim

18   cognizable in a federal habeas corpus action.  See, Estelle v. McGuire, 502 U.S. 62, 71-72 (1991).

19   To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the ailing

20   instruction by itself so infected the entire trial that the resulting conviction violates due process.  See,

21   id. at 72.  Additionally, the instruction may not be judged in artificial isolation, but must be

22   considered in the context of the instructions as a whole and the trial record. Id.  The court must

23   evaluate jury instructions in the context of the overall charge to the jury as a component of the entire

24   trial process. See, United States v. Frady, 456 U.S. 152, 169 (1982) (*citing* Henderson v. Kibbe,  431

25   U.S. 145, 154 (1977)).  Furthermore, even if it is determined that the instruction violated the

26   petitioner's right to due process, a petitioner can only obtain relief if the unconstitutional instruction

27   had a substantial influence on the conviction and thereby resulted in actual prejudice under Brecht v.

28   Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710 (1993) (whether the error had a substantial and

1   injurious effect or influence in determining the jury's verdict.). <u>See</u>, <u>Hanna v. Riveland</u>, 87 F.3d

2   1034, 1039 (9th Cir. 1996).  The burden of demonstrating that an erroneous instruction was so

3   prejudicial that it will support a collateral attack on the constitutional validity of a state court's

4   judgment is even greater than the showing required to establish plain error on direct appeal." <u>Id</u>.

5   Moreover, a petitioner whose claim involves the *omission* of an instruction "bears an especially

6   heavy burden," because an omission is less likely to be prejudicial than a misstatement of the law.

7   <u>Reynolds v. Maddock</u>, 1999 WL 354366, *3 (N.D. Cal. 1999).

8          In this case, the trial court denied Petitioner's request for jury instructions on accident and

9   misfortune.  It instructed the jury that in order to find Petitioner guilty of the charges, he had to have

10  acted "willfully."   The Court of Appeal found that the refusal to give the requested instruction was

11  not error, citing <u>People v. Randolph</u>, 20 Cal.App.4th 1836, 1841 (1993), superceded by statute on

12  other grounds

13         Petitioner argues that he was intoxicated and shackled at the time of the incident and that an

14  inference can be drawn that he lunged into the victim as a result of accident or misfortune.

15  However, as Respondent argues, the Court of Appeal found that three witnesses testified that

16  Petitioner did not trip, stumble or lose his balance, either before or after attacking the victim.

17  Because Petitioner did not testify at the guilt phase of trial, there was virtually no evidence that his

18  lunge into the victim was the result of an accident.   Rather, all the testimony indicated that

19  Petitioner acted intentionally.  Further, the Court of Appeal found that to the extent that the jury

20  could have inferred that the victim's injuries were the result of accidental conduct by Petitioner, the

21  jury had been instructed that it could not return a guilty verdict without finding that Petitioner acted

22  willfully and intentionally.

23         After reviewing Petitioner's arguments, the court finds that Petitioner has not carried his

24  burden of demonstrating that the state court's adjudication of the claim "resulted in a decision that

25  was contrary to, or involved an unreasonable application of, clearly established Federal law, as

26  determined by the Supreme Court of the United States;" or "resulted in a decision that was based on

27  an unreasonable determination of the facts in light of the evidence presented in the State Court

28  proceeding." 28 U.S.C. § 2254(d).  Accordingly, the court finds that this contention presents no basis

1    for habeas corpus relief.

2    <u>Jury Instruction on Insanity Defense</u>

3            Petitioner contends that the standard CALJIC instruction on insanity is incorrect, and that its

4    use violated his rights to due process and a fair trial under the Sixth and Fourteenth Amendments.

5    Specifically, Petitioner claims that CALJIC Nos. 4.00 (the defense of insanity) and 4.02 (insanity

6    resulting from intoxication, drugs or narcotics) require the defendant to prove an element not

7    required by the statute.  He argues that the phrase in these instructions, "by reason of a moral disease

8    or defect." inserts an additional element into the insanity defense that is not found in the statute.

9    Respondent disputes this claim.

10           As Respondent argues, the determination of whether CALJIC Nos. 4.00 and 4.02 correctly

11   reflects the California standard for insanity is purely an issue of state law.  Habeas corpus relief is

12   not available to correct alleged errors in the state court's application or interpretation of state law.

13   <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); <u>Middleton v. Cupp</u>, 768 F.2d

14   1083, 1084-85 (9th Cir.1985).

15           Further, the California Supreme Court has resolved this issue against Petitioner.  The Court

16   of Appeal rejected this claim, finding as follows:

17           In 1978, the California Supreme Court adopted the American Law Institute (ALI) test
        for legal insanity, which was "A person is not responsible for criminal conduct if at the time
18      of such conduct as a result of mental disease or defect he lacks substantial capacity either to
        appreciate the criminality [wrongfulness] of his conduct or to conform his conduct to the
19      requirements of law."  (*People v. Drew* (1978) 22 Cal.3d 333, 345  .   .   .  .)  Then, in June
        1982, the electorate passed an initiative that changed the definition of insanity.  It was
20      codified as section 25.  (*People v. Kelly* (1992) 1 Cal.4th 495, 533 .   .   .  .)  Section 25
        provides that a defense of not guilty by reason of insanity shall be found by the trier of fact if
21      the evidence shows that the accused "was incapable of knowing or understanding the nature
        and quality of his or her act and distinguishing right from wrong at the time of the
22      commission of  the offense."  (§§ 25, subd.(b).)

23           In essence, the electorate overturned *drew* and reinstated the M'Naghten test in
        California.  (*People v. Skinner* (1985) 39 Cal.3d 765, 769 .   .   .  .)  The difference between
24      the M'Naghten test and the ALI test is a volitional element.  The volitional element is
        missing from the M'Naghten test.  (*People v. Kelly, supra*, 1 Cal.4th at p. 5539 .   .   .  .)
25      The M'Naghten test included the language "by reason of mental disease or defect."  (*People
        v. Coffman* (1864) 24 Cal. 230, 235.)
26
27           CALJIC Nos. 4.00 and 4.02 include the language "by reason of mental disease or
        defect," which is not included in section 25, subdivision (b).  Despite the difference in
28      language, the California Supreme Court has held that CALJIC No. 4.00 "correctly and
        adequately explained the .   .   .   law."  (*People v. Kelly, supra*, 1 Cal.4th at p. 535 .   .   .:

1    accord, *People v. Coddington* (2000) 23 Cal.4th 529, 608 . . . .)

2    Because the M'Naghten test included the "by reason of mental disease or defect"
     language, and in light of the holdings of the California Supreme Court, we conclude Olague's
3    contention the standard CALJIC instructions are erroneous is incorrect.

4    In 2006, the California Supreme Court repeated its determination in *People v. Kelly, supra*, 1 Cal.4th

5    at 535, that CALJIC No. 4.00 essentially tracks the statute and correctly and adequately explains the

6    law.  *People v. Jablonski*, 37 Cal.4th 774, 831 (2006).  Thus, Petitioner has not shown a violation of

7    state law.

8    In conclusion, the court finds that as with Petitioner's first contention, Petitioner has not

9    carried his burden of demonstrating that the state court's adjudication of the claim "resulted in a

10   decision that was contrary to, or involved an unreasonable application of, clearly established Federal

11   law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was

12   based on an unreasonable determination of the facts in light of the evidence presented in the State

13   Court proceeding." 28 U.S.C. § 2254(d).  Accordingly, the court finds that this claim presents no

14   basis for habeas corpus relief.

15

16   Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot

17   proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. §

18   2253, provides as follows:

19   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge,
     the final order shall be subject to review, on appeal, by the court of appeals for the circuit in
20   which the proceeding is held.
     (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a
21   warrant to remove to another district or place for commitment or trial a person charged with a
     criminal offense against the United States, or to test the validity of such person's detention
22   pending removal proceedings.
     (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not
23   be taken to the court of appeals from--
     (A) the final order in a habeas corpus proceeding in which the detention complained of arises
24   out of process issued by a State court;  or
     (B) the final order in a proceeding under section 2255.
25   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made
     a substantial showing of the denial of a constitutional right.
26   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or
     issues satisfy the showing required by paragraph (2).

27

28   In the present case, the court finds no denial of a constitutional right.  Accordingly, a

1   certificate of appealability will be denied.

2

3          Based on the foregoing, IT IS HEREBY ORDERED as follows:

4   1)     This petition for writ of habeas corpus is DENIED;

5   2)     A certificate of appealability is DENIED;

6   3)     The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

7

8

9   IT IS SO ORDERED.

10  **Dated:   April 10, 2008**                   **/s/  William M. Wunderlich**
                                        UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28